# In the United States Court of Federal Claims

No. 25-867
Filed: October 27, 2025
NOT FOR PUBLICATION

**NEIL T. NORDBROCK,**

       *Plaintiff,*

**v.**

**UNITED STATES,**

       *Defendant.*

**ORDER**

      The plaintiff, Neil T. Nordbrock, appearing *pro se*, filed a three-page complaint on May 21, 2025. The complaint was docketed on May 23, 2025. The plaintiff challenges an alleged seizure of assets related to a tax deficiency from 1982. The plaintiff alleges that the statute of limitations had expired when the defendant, acting through the Internal Revenue Service, executed the seizure. The complaint does not explain what was seized or when. The complaint also alleges a violation of due process. The complaint was accompanied by 296 pages of exhibits.

      The plaintiff neither paid the filing fee nor sought leave to proceed *in forma pauperis* ("IFP"). On May 23, 2025, the plaintiff was ordered either to pay the filing fee or to submit a complete application for leave to proceed IFP. On June 17, 2025, the plaintiff paid the filing fee.

      On August 25, 2025, the defendant filed an unopposed motion for a more definite statement under Rule 12(e) of the Rules of the Court of Federal Claims ("RCFC"). The defendant explained that that the complaint is so vague and ambiguous that the defendant cannot meaningfully respond to it. The defendant represented that the plaintiff had consented to the motion. In its motion, the defendant sought five specific items in the amended complaint: (1) a description of each tax for which the plaintiff was seeking a refund; (2) a description of each overpayment for which the plaintiff was seeking a refund; (3) a description of each item of relief aside from a refund of tax overpayments the plaintiff was seeking; (4) a revised caption identifying each claimant seeking relief; and (5) a statement explaining why each named plaintiff was a real party in interest to the suit.[1]

---

[1] The defendant's motion noted the defendant was seeking six items in the amended complaint, but item number five was misnumbered as item number six. The defendant wanted the plaintiff to specify only these five items in his amended complaint.

On August 26, 2025, the defendant's motion for a more definite statement was granted. The plaintiff was ordered to file an amended complaint containing the five items of information specified in the defendant's motion. The plaintiff was also ordered to provide specific exhibits to support his revised claims. The plaintiff was instructed not to assert any claims over which the Court of Federal Claims would lack jurisdiction under 26 U.S.C. § 7422(a), any claims that would be time-barred under 28 U.S.C. § 2501, or any claims on behalf of another person whom the plaintiff may not represent under RCFC 83.1(a)(4). Under RCFC 12(e), the plaintiff was directed to file the amended complaint by September 9, 2025.

On September 15, 2025, the plaintiff filed a motion for leave to file the amended complaint out of time. The plaintiff's motion was granted on September 16, 2025, and the plaintiff was ordered to file the amended complaint by September 18, 2025. On September 18, however, the Court, *sua sponte*, vacated the September 16 Order and directed instead that the plaintiff file the amended complaint by September 29, 2025. In the September 18 Order, the plaintiff was advised that his complaint would be dismissed under RCFC 41(b) if the plaintiff failed to comply with the new deadline.

On October 1, 2025, the Clerk received a submission from the plaintiff. That submission was filed under seal on October 3, 2025, by leave of the Court and treated as the amended complaint. The amended complaint essentially repeated the claims asserted in the initial complaint. On its face it did not comply with the Order of August 26. The amended complaint was equally vague and ambiguous, and the supporting exhibits failed to provide the information necessary to determine whether jurisdiction exists to consider the plaintiff's claims. Indeed, from the face of the amended complaint it appears that jurisdiction is lacking.

The plaintiff was advised that he should not include any claims that are time-barred under 28 U.S.C. § 2501. That statute precludes any action in the Court of Federal Claims on a claim that is more than six years old. This statute of limitations is not subject to tolling. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008). Based on the exhibits submitted with the original complaint and resubmitted with the amended complaint, the allegedly illegal acts for which the plaintiff seeks relief all appear to have occurred long before May 23, 2019, the date six years prior to the filing of the complaint. The only references to any date after May 2019 are in paragraph 85, noting the 2020 death of the plaintiff's wife and communications with the IRS thereafter until 2024 over these claims, which all appear to relate back to claims on which the statute of limitations has expired. On the face of what the plaintiff has submitted, the claims are time-barred.[2]

Finding that the amended complaint was still deficient and did not allow the defendant to respond intelligibly or the Court to determine that it has jurisdiction, on October 6, 2025, the Court allowed the plaintiff another opportunity to file a second amended complaint that, by providing the information specified in the defendant's motion for a more definite statement,

---

[2] The focus here on the timeliness of the plaintiff's claims should not be understood to accept either that jurisdiction otherwise exists or that the complaint states a claim for relief if jurisdiction exists. There appear to be other jurisdictional defects in the complaint and amended complaint, which on their face appear to reiterate claims that were presented to and rejected by federal district courts decades ago.

would permit the defendant to answer the allegations.  The plaintiff was given 14 days, as specified by RCFC 12(e), until October 20, 2025, to file the second amended complaint.  The plaintiff was advised that no extension of that deadline would be forthcoming, given he had already had one opportunity to file a satisfactory amended complaint.  The plaintiff was further advised that if, by that date, he failed to file a second amended complaint that complied with the Court's orders, the complaint would be dismissed under RCFC 41(b).

The plaintiff has failed to file a second amended complaint by the deadline established in the October 6 Order.  Accordingly, the complaint is **DISMISSED** without prejudice.  The Clerk is **DIRECTED** to enter judgment accordingly.  No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**