# In the United States Court of Federal Claims

No. 25-867
Filed: May 8, 2026
NOT FOR PUBLICATION

---

**NEIL T. NORDBROCK,**

*Plaintiff,*

v.

**UNITED STATES,**

*Defendant.*

---

*Neil T. Nordbrock*, pro se.

*Larry Schifano* and *Jason Bergmann*, U.S. Department of Justice, Washington, DC.

### MEMORANDUM OPINION AND ORDER

The plaintiff, Neil T. Nordbrock, proceeding *pro se*, filed his claim against the United States, acting through the Internal Revenue Service ("IRS"), on May 21, 2025.  He filed an amended complaint on October 3, 2025, and a second amended complaint on January 15, 2026.

The second amended complaint seeks an order requiring the IRS to process and approve six claims the plaintiff filed with the IRS seeking the abatement of penalties and the refund of the associated payments.  The plaintiff alleges the IRS improperly assessed and collected penalties from him, without a lawful basis, for the 1979, 1980, and 1981 tax years.

On April 3, 2026, the defendant moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), arguing that the claims for the 1979, 1980, and 1981 tax years should be dismissed because the plaintiff did not duly file an administrative claim for a refund with the IRS for those tax years.[1]  The plaintiff responded to the defendant's motion on May 1, 2026.  Oral argument is not necessary to resolve the defendant's motion.

A plaintiff seeking a refund of taxes must show that he duly filed a claim with the IRS prior to pursuing the claim for a refund in court.  The plaintiff has not met that burden because he fails to show that he made any payment applied to the challenged penalties within the limitations period.  The motion to dismiss is granted, and the case is dismissed under RCFC 12(b)(6).

---

[1] The defendant presents two other bases for dismissal, but because one of the defendant's arguments is dispositive, these other two arguments are not addressed in this opinion.

**FACTUAL BACKGROUND**

In 1982, the IRS asked the plaintiff to produce copies of tax returns he prepared for other taxpayers from 1978 to 1981.  The plaintiff refused, and the IRS assessed penalties of $75,000 ($25,000 for each of the 1979, 1980, and 1981 tax years) against him under 26 U.S.C. § 6695(d). The IRS also filed notices of federal tax liens against the plaintiff with the Pima County (Arizona) Recorder.  The plaintiff and the IRS litigated these penalties in multiple district court actions and Ninth Circuit appeals.  The courts ultimately found that the plaintiff had willfully violated tax laws.  The plaintiff was found not to be entitled to any refund or abatement of the penalties and was subject to additional penalties and a lifetime injunction banning him from preparing tax returns for others.  Subsequent litigation challenging the penalties, including claims of fraud and statute-of-limitations violations, were largely rejected as either legally meritless or factually unsupported.  The IRS was also authorized to offset any overpayment by the plaintiff against other tax liabilities, leaving the government's overall recovery intact.  The plaintiff was also convicted of filing two false income tax returns and a false amended income tax return. *United States v. Nordbrock*, 952 F.2d 408 (9th Cir. 1992); *see also Nordbrock v. United States*, 173 F. Supp. 2d 959 (D. Ariz. 2000); *United States v. Nordbrock*, 828 F.2d 1401 (9th Cir. 1987); *United States v. Nordbrock*, 941 F.2d 947 (9th Cir. 1991); *United States v. Nordbrock*, 38 F.3d 440 (9th Cir. 1994); *Nordbrock v. United States*, No. 4:99-cv-444, (D. Ariz. March 5, 2002).

On or about May 20, 2022, the plaintiff mailed six Form 843 Claims for Refund and Request for Abatement to the IRS via certified mail.  (Second Amd. Cplt. at 1.)  According to the plaintiff, these six forms sought abatement of penalties and the refund of funds seized in relation to IRS liens and collections made against himself, his late wife, and the Nordbrock Family Partnership.  (*Id*. at 2.)  According to the plaintiff, the only response he received from the IRS was a July 2022 letter thanking him for his inquiry and requesting an additional 60 days to send him a complete response.  (*Id*. at 5.)  The plaintiff asserts that the IRS assessed and collected, without a lawful basis, the penalties he seeks to have abated and refunded.  The plaintiff also seeks a refund of all out-of-pocket funds seized by the IRS in relation to those penalties.

The plaintiff's central allegation in his administrative claim to the IRS is that the IRS finalized each assessment on March 15, 1991, but backdated the assessments to earlier dates to create the false appearance of timely action.  The IRS has its own three-year limitations period to seek penalties.  26 U.S.C. § 6501(a).  The plaintiff alleges that the assessments for 1979, 1980, and 1981 were untimely when prepared in 1991.  The six 843 Forms submitted by the plaintiff cover these three tax years and seek abatement of each penalty and a refund of $25,000 for each year, for a total of $75,000.

For tax year 1979, the plaintiff submitted two claims.  The first sought abatement of a $25,000 penalty, because the plaintiff claimed the assessment was prepared in 1991 but backdated to 1982 and was time-barred.  The second sought a refund for an involuntary payment he made that the IRS applied as a penalty for 1979; no specific dollar amount was demanded. On his Form 843, the plaintiff further alleges that the IRS affirmatively concealed the true assessment date and falsely certified the backdate as the actual date of assessment.

The plaintiff submitted two claims for tax year 1980.  The first claim sought abatement of a $25,000 penalty for the reason as the claim for 1979.  The second claim sought a refund of the

plaintiff's involuntary payment as a penalty, as with the 1979 claim.  The plaintiff also submitted two claims for tax year 1981.  The basis for each claim mirrored the claims for abatement and a refund for 1979 and 1980.

Across all six forms, the plaintiff advances two theories in support of his claim for abatement of the penalties and refunds: (1) that each assessment was made outside the three-year limitations period prescribed by 26 U.S.C. § 6694A and is therefore time-barred; and (2) that the IRS affirmatively concealed the true assessment dates by backdating records and falsely certifying those dates as accurate.

Over the last four decades, the plaintiff appears to have made multiple payments.  According to the plaintiff's Form 4340, Certificate of Assessments and Payments, dated June 21, 1999, the plaintiff made payments on the penalties assessed by the IRS between 1983 and 1996.  (First Amd. Cplt. at 37-38; 39-40.)  Likewise, the plaintiff notes in his response to the motion to dismiss that he paid a $10,983 deficiency in 1981 and 1982.  According to the plaintiff, the IRS "started seizing our assets in 1983" and he noted that the last seizure he has a record of was a "property tax credit refund late in 2017."  (Pltf's Opp. To Mtn. to Dismiss at 3.)  In an exhibit attached to the plaintiff's response to the motion to dismiss, a September 27, 2017, letter appears to show that a 2016 Arizona state property-tax refund was garnished and used to pay outstanding liabilities to the IRS.  (*Id*. at 5.)  Finally, the plaintiff notes in his complaint that the IRS maintained liens against him and his wife until January 26, 2019.  (Second Amd. Cplt. at 2.)

**PROCEDURAL HISTORY**

The plaintiff filed his initial complaint on May 21, 2025.  The defendant then sought and received two extensions to respond to the complaint.  On August 25, 2025, the defendant filed an unopposed motion for a more definite statement, and that motion was granted on August 26, 2025.  The plaintiff was ordered to file an amended complaint by September 9, 2025.

On September 16, one week after the deadline, the plaintiff moved for an extension of time to file an amended complaint.  That motion was granted, and the plaintiff was given until September 18, 2025, to file an amended complaint, because the court assumed the plaintiff was seeking to file an amended complaint concurrently with the motion for more time.  On September 18, 2025, when no amended complaint had been filed, the court realized it had made an erroneous assumption and *sua sponte* vacated the September 18 deadline for the amended complaint.  Instead, the plaintiff was allowed until September 29, 2025, to file an amended complaint.

On October 1, 2025, two days late, the plaintiff submitted a proposed amended complaint.  That proposed amended complaint was ordered to be filed on October 3, 2025.  On October 6, 2025, the court found that the proposed amended complaint was facially insufficient.  Rather than dismiss the complaint, the court ordered the plaintiff to file another amended complaint by October 20, 2025, asserting facially timely claims within the court's jurisdiction.

On October 27, 2025, one week after the deadline, when no second amended complaint had been filed, the first amended complaint was dismissed under RCFC Rule 41(b).  Later that same date, after the order of dismissal had been filed, a second proposed amended complaint was

received from the plaintiff.  Even though the second amended complaint was a week overdue, the order of dismissal and the consequent judgment were both vacated *sua sponte*, and the second amended complaint was ordered to be filed under seal, in accordance with RCFC 9(m).  The plaintiff was ordered to file a redacted version of his second amended complaint for the public record within 10 days.  On November 13, 2025, a public version of the second amended complaint not having been received, the plaintiff was directed to file a redacted second amended complaint by November 24, 2025, and the defendant was ordered to respond to the second amended complaint by December 15, 2025.  On November 26, 2025, when the plaintiff had again missed the deadline to file a redacted second amended complaint, the defendant's deadline to respond to the second amended complaint was suspended pending further order of the court.  The plaintiff was allowed until December 12, 2025, to file a redacted version of the second amended complaint.  Once again, the plaintiff missed the deadline.

On December 19, 2025, the plaintiff filed a motion for an extension of time.  He explained that medical issues had made him unable to meet the December 12 deadline.  The plaintiff requested he be allowed until December 26, 2025, to file the redacted complaint.  On the day the motion was filed, the court granted the request.  Because the Court of Federal Claims was closed on December 26, the plaintiff was allowed until December 29, 2025, to file the redacted second amended complaint.  The plaintiff was specifically advised that his submissions had been taking an extra week to arrive at the courthouse, and he therefore needed to mail the redacted complaint by December 22, 2025, or else send it by overnight or guaranteed delivery to ensure its timely arrival.  The redacted second amended complaint was not received by December 29, despite the admonition about mail delays.  On January 2, 2026, the plaintiff submitted a cover letter and exhibits, which were rejected, and the plaintiff was again ordered to file a redacted second amended complaint and exhibits by January 23, 2026.  On January 14, 2026, the plaintiff submitted a redacted second amended complaint.

On February 17, 2026, the defendant sought additional time to respond and was directed to file an answer or appropriate motion by April 3, 2026.  On April 3, 2026, the defendant moved to dismiss under RCFC Rules 12(b)(1) and 12(b)(6).  The plaintiff responded to the defendant's motion on May 1, 2026.

**JURISDICTION**

"Jurisdiction is power to declare the law" and implicates a court's statutory or constitutional power to adjudicate a case.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).  Jurisdiction is a threshold matter that a court must resolve before addressing the merits of a case.  *Id*.  A plaintiff bears the burden to establish by a preponderance of the evidence the existence of subject-matter jurisdiction.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any

regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act itself does not "create[ ] a substantive right enforceable against the Government by a claim for money damages." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Instead, the Tucker Act limits this court's jurisdiction to causes of action based on separate money-mandating statutes and regulations. *Metz v. United States*, 466 F.3d 991, 995-96 (Fed. Cir. 2006).

Section 1346(a)(1) of 28 U.S.C. confers on the Court of Federal Claims jurisdiction, concurrent with the district courts, over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected . . . ."

Jurisdiction to consider claims for tax refunds is limited by 26 U.S.C. § 7422(a), which provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

"Under 26 U.S.C. § 6532 and § 7422(a), a suit may be brought in the [Court of Federal Claims] after an administrative claim has been filed and either the taxpayer waited six months before filing suit or the IRS took final action on the claim." *Brown v. United States*, 22 F.4th 1008, 1010 (Fed. Cir. 2022).

The plaintiff challenges the assessment and collection of penalties from him by the IRS for the 1979, 1980, and 1981 tax years. He alleges that the IRS assessed and collected these penalties without a legal basis. On or about May 20, 2022, the plaintiff submitted to the IRS six administrative claims for refund and abatement (Form 843) and waited six months before filing this lawsuit. Accordingly, the plaintiff's claims fall within the court's jurisdiction.

## STANDARD OF REVIEW

"'To survive a motion to dismiss [under RCFC 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

To sue to recover a tax refund, a "taxpayer must comply with the tax refund scheme established in the [Internal Revenue] Code." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). For a taxpayer to pursue a claim to recover a penalty, the Internal Revenue Code requires that the claimant first duly file an administrative claim with the IRS for a refund.

26 U.S.C. § 7422(a).  The requirement that an administrative claim be filed goes to jurisdiction; the adequacy of an administrative filing to support a claim goes to whether a claim is meritorious.  *Dixon v. United States*, 67 F.4th 1156, 1161 (Fed. Cir. 2023) (citing *Brown*, 22 F.4th at 1011-12.).

The plaintiff is proceeding *pro se*, so his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**DISCUSSION**

The duly filed requirement of section 7422(a) "governing the 'adequacy of the filing' go[es] to whether a plaintiff can prove entitlement to relief."  *Leopard v. United States*, 178 Fed. Cl. 660, 663 (2025) (quoting *Dixon*, 67 F.4th at 1161).  Exhibits offered by plaintiffs, to prove they duly filed their administrative claims with the IRS, are central to their claims being properly before a court.  Taken as facially true, the exhibits the plaintiff attached to his complaints and to his response to the motion to dismiss can be considered in determining whether he had duly filed his administrative claim before filing the complaint here.

A plaintiff in a claim for a tax refund must show that an administrative claim for the refund, satisfying the regulatory requirements to be duly filed, was submitted to the IRS before suing in court.  When, even after taking the allegations of a complaint and the exhibits supporting them as true, a plaintiff cannot show that an administrative claim for the refund was duly filed, the complaint must be dismissed under RCFC 12(b)(6).  *Brown*, 22 F.4th at 1010-12.

"In order to be 'duly filed,' a taxpayer must file an administrative claim for refund or credit within the time limitations of [I.R.C] § 6511(a)."  *Doyle v. United States*, 88 Fed. Cl. 314, 319 (2009) (citing *United States v. Dalm*, 494 U.S. 596, 601-02 (1990)).  Typically, a claim for "credit or refund . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later."  26 U.S.C. § 6511(a).  The plaintiff seeks the abatement of penalties and refund of payments to the IRS assessed under 26 U.S.C. § 6695, so his claim is instead subject to the limitations period set out in 26 U.S.C. § 6696(d)(2), which requires that "any claim for refund of an overpayment of any penalty assessed under section . . .  6695 . . . shall be filed within 3 years . . . from the time the penalty was paid."  This statutory deadline is not subject to equitable tolling, so it may not be extended, even if a taxpayer is unaware of underlying problems with the assessment or penalty.  *United States v. Brockamp*, 519 U.S. 347 (1997).  Under the law, a duly filed administrative claim must have been filed with the IRS within three years of payment of the penalty sought to be refunded.

The plaintiff claims abatements and refunds of penalties for the 1979, 1980, and 1981 tax years, but he fails to substantiate that he has brought his claims "within 3 years . . . from the time the penalty was paid."  26 U.S.C. § 6696(d)(2).  From the allegations of the complaints, the exhibits thereto, and the plaintiff's declaration in opposition to the motion to dismiss, the plaintiff paid the penalties many years ago.  The only acts the plaintiff alleges that he took within three years of filing the complaint occurred on May 20, 2022, when, he alleges, he mailed the six Form 843 Claims for Refund and Request for Abatement to the IRS via certified mail, for tax

years 1978, 1980, and 1981.  The plaintiff has therefore submitted the required administrative claims to the IRS.  For these claims to have been duly filed, however, the plaintiff must establish that he made a payment that was applied to the challenged penalties after May 20, 2019.

The plaintiff fails to establish any payments applied to the challenged penalties after May 20, 2019.  The plaintiff notes in his response to the motion to dismiss that he paid tax deficiencies in 1981 and 1982 and paid penalties between 1983 and 1996.  The plaintiff also provides a September 27, 2017, letter showing an IRS levy of the plaintiff's 2016 Arizona property-tax refund to pay outstanding IRS liabilities.  Finally, the plaintiff claims that the IRS maintained liens against him and his wife until January 26, 2019, but provides no documentation of any payment or levy applied to the penalties he seeks to have refunded in this action.

Based on the plaintiff's own allegations and submissions, he has not made any payments applied to the challenged penalties or levies within three years prior to May 20, 2019.  The plaintiff fails to establish that he has duly filed an administrative claim within the three-year limitations period, and, accordingly, the complaint must be dismissed.

Before dismissing the complaint, consideration must be given to whether the plaintiff should be allowed an opportunity to amend his complaint.  As recounted above, the plaintiff was advised prior to filing the operative second amended complaint that his claims appeared to be untimely on their face, and that untimely claims should not be included in his complaint.  *See* Order of August 26, 2025; Order of October 6, 2025.  Notwithstanding those admonitions, the plaintiff did not supply evidence to show his claims were timely.  In responding to the defendant's motion to dismiss, the plaintiff failed to provide evidence reflecting that he had met the requirements for maintaining a claim for a tax refund by showing payment of the penalties within the statutory time limit.  He also did not request additional time to produce such evidence or the opportunity to file an amended complaint to reflect that he could meet the timeliness requirement applicable to each of his claims.  In absence of both evidence and a request from the plaintiff for the chance to file a third amended complaint with relevant exhibits, the plaintiff will not be given leave to amend.

**CONCLUSION**

The plaintiff has failed to demonstrate that he duly filed an administrative claim in compliance with 26 U.S.C. § 6511(a), by failing to establish a timely payment applied to the challenged penalties.  Accordingly, the plaintiff has failed to state a claim, and dismissal is required under RCFC 12(b)(6).  The defendant's motion to dismiss is **GRANTED**, and the case is **DISMISSED** without prejudice under RCFC 12(b)(6).  The Clerk is **DIRECTED** to enter judgment accordingly.  No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
Judge